STATE OF NEBRASKA, APPELLEE, v. RONALD F. GOODLOE, APPELLANT.

243 N. W. 2d 69

Filed June 16, 1976. No. 40566.

James A. Nanfito of Nanfito & Nanfito, for appellant.

Paul L. Douglas, Attorney General, and Harold Mosher, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

NEWTON, J.

The defendant, on trial to the court, was convicted of driving a motor vehicle while under the influence of alcoholic liquor and refusing to submit to tests under the Implied Consent Law. Trial was in the county court and appeal taken to the District Court. The District Court also found the defendant guilty and imposed sentence. We affirm the judgment of the District Court.

Defendant challenges the sufficiency of the evidence to sustain the conviction and asserts the county court attempted to "chill" his right to appeal.

The evidence submitted by the State indicates that the defendant was observed to be driving erratically, was stopped in a restaurant parking lot, observed to be intoxicated, and, when a crowd gathered, he was driven to another parking lot adjacent to a highway where he was examined and questioned further. The Implied Consent Law, its requirements, and the consequences of failing to comply with it were explained to him. He refused to take a urine or blood test and subjected the officers to verbal abuse. In the opinion of the officers, he was intoxicated. The evidence is sufficient. "In determining the sufficiency of the evidence to sustain the conviction in a criminal prosecution, it is not the province of this court to resolve conflicts in the evidence, pass on the credibility of witnesses, or weigh the evidence." State v. Grooms, 192 Neb. 851, 224 N. W. 2d 781.

After the hearing in the county court, the county judge indicated a finding of guilty and inquired if defendant intended to appeal. It was made clear that if defendant were to forego his right to appeal, he would

be held guilty on only one of the two charges, but if he intended to appeal, he would be sentenced on both charges. This was an attempted bargaining as to the right of appeal and is conduct which tends to chill that right. Such conduct is beyond the power of the court and entirely improper. In this instance there is no prejudicial error as the defendant did appeal, had a trial de novo in the District Court, and was there resentenced. The error was harmless. See § 29-2308, R. R. S. 1943.

The judgment of the District Court is affirmed.

AFFIRMED.