STATE OF NEBRASKA, APPELLEE, V. LOUIS J. LEE, APPELLANT.
397 N.W.2d 48

Filed December 5, 1986.    No. 86-337.

Vincent M. Powers, for appellant.

Robert M. Spire, Attorney General, and William L. Howland, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

KRIVOSHA, C.J.

The appellant, Louis J. Lee, was charged by complaint in the county court for Saunders County, Nebraska, of driving while intoxicated, third offense, in violation of Neb. Rev. Stat. § 39-669.07 (Reissue 1984). This is a Class W misdemeanor.

At a pretrial conference held on February 4, 1985, the county court entered, in part, the following order: "Defense counsel is ordered to identify, in writing, not later than 5:00 P.M., March 11, 1985, all of his intended witnesses by name and address and

all of his intended exhibits." Lee filed an objection to the pretrial order, maintaining that the court "cannot compel defense counsel to identify in writing all of the intended witnesses by name and address and all of his intended exhibits, absence [sic] of any reciprocal discovery order. The present order violates the defendants [sic] right to a fair trial."

The county court overruled Lee's objection to the pretrial order, and the case was ultimately tried to a jury, which found Lee guilty of driving while under the influence of alcohol. A subsequent enhancement hearing was held, at which time it was determined that this was Lee's third offense. He was then sentenced to 60 months' probation, 90 days in jail, and his license revoked for 60 months. Lee thereafter appealed to the district court for Saunders County, Nebraska, where the conviction and sentence were affirmed. It is from that order which he now appeals to this court.

Lee raises but a single issue. He maintains that the county court violated his constitutional right against self-incrimination by requiring him to list all of his witnesses and exhibits prior to trial, absent any request by Lee for discovery pursuant to Neb. Rev. Stat. §§ 29-1912 to 29-1921 (Reissue 1985). Because of events which occurred subsequent to the court's order requiring Lee to disclose the names of his witnesses, we do not reach that issue.

The record establishes conclusively that Lee did not comply with the court order, nor was he in any manner prevented from calling any witness to testify because he had not earlier disclosed his witnesses' names. As a matter of fact, the record discloses that Lee offered no evidence at the trial in the county court, though he was invited to do so. At the close of the State's case, the following discussion occurred:

MR. WAGNER: Your Honor, the state rests.

THE COURT: The state rests.

MR. POWERS: The defense rests.

THE COURT: The defense rests. And you are resting without presenting evidence, correct?

MR. POWERS: Yes, sir.

Even assuming that the order of the court requiring Lee to disclose the names of his witnesses violated his constitutional

rights (a matter we do not decide in light of the record), it cannot be said that the order constituted prejudicial error entitling Lee to relief. That is so because Lee neither complied with the order nor sought to introduce witnesses who were then not permitted to testify. He was in no way prejudiced by the earlier court order.

Neb. Rev. Stat. § 29-2308 (Reissue 1985) makes it clear that not all errors entitle the defendant to a new trial. Section 29-2308 provides in part:

No judgment shall be set aside, or new trial granted, or judgment rendered in any criminal case, on the grounds of misdirection of the jury, or the improper admission or rejection of evidence, or for error as to any matter of pleading or procedure, if the Supreme Court, after an examination of the entire cause, shall consider that no substantial miscarriage of justice has actually occurred.

The validity of such a statute was upheld by the U.S. Supreme Court in the case of *Chapman v. California*, 386 U.S. 18, 87 S. Ct. 824, 17 L. Ed. 2d 705 (1967). In doing so the U.S. Supreme Court said at 21-22:

We are urged by petitioners to hold that all federal constitutional errors, regardless of the facts and circumstances, must always be deemed harmful. Such a holding, as petitioners correctly point out, would require an automatic reversal of their convictions and make further discussion unnecessary. We decline to adopt any such rule. All 50 States have harmless-error statutes or rules, and the United States long ago through its Congress established for its courts the rule that judgments shall not be reversed for "errors or defects which do not affect the substantial rights of the parties." 28 U.S.C. § 2111. None of these rules on its face distinguishes between federal constitutional errors and errors of state law or federal statutes and rules. All of these rules, state or federal, serve a very useful purpose insofar as they block setting aside convictions for small errors or defects that have little, if any, likelihood of having changed the result of the trial. We conclude that there may be some constitutional errors which in the setting of a particular case are so unimportant

and insignificant that they may, consistent with the Federal Constitution, be deemed harmless, not requiring the automatic reversal of the conviction.

To the same effect see *Harrington v. California*, 395 U.S. 250, 89 S. Ct. 1726, 23 L. Ed. 2d 284 (1969).

While we do not suggest for a moment that the issue as to whether the pretrial order entered by the court was proper is unimportant and insignificant, we do believe that under the facts in this case the issue becomes unimportant and insignificant. In view of the fact that Lee neither complied with the order nor was in any manner affected by the order, it is as if the order had not been entered. That is the fact which, for our purposes in this case, makes the issue unimportant and insignificant and not requiring reversal. As an example, in *State v. Packett*, 206 Neb. 548, 552, 294 N.W.2d 605, 608 (1980), we said:

> It is generally improper for counsel, during the pendency of a proceeding, to communicate with the judge as to the merits of the case. Code of Professional Responsibility, DR 7-110. It would appear that objections to, arguments about, or evidence affecting the limits of cross-examination ought to be made only in the presence of or after appropriate notice to opposing counsel. In this case, however, there is nothing in the record from which it may be reasonably inferred that prejudice resulted to the defendant. The record does not show that the defense was subsequently improperly restricted in either direct or cross-examination. The only errors which require reversal of a cause are those prejudicial to the right of the accused, or which constitute the denial of a substantial legal right.

And in the case of *State v. Goodloe*, 196 Neb. 381, 243 N.W.2d 69 (1976), the defendant was convicted of driving a motor vehicle while under the influence of alcoholic liquor and refusing to submit to tests. After the hearing in the county court, the county judge indicated a finding of guilty and inquired if defendant intended to appeal. It was made clear that if defendant were to forgo his right to appeal, he would be held guilty on only one of the two charges, but if he intended to appeal, he would be sentenced on both charges. While this was

obviously improper and a denial of the defendant's constitutional rights, we nevertheless affirmed the conviction, saying at 383, 243 N.W.2d at 70:

> This was an attempted bargaining as to the right of appeal and is conduct which tends to chill that right. Such conduct is beyond the power of the court and entirely improper. In this instance there is no prejudicial error as the defendant did appeal, had a trial de novo in the District Court, and was there resentenced. The error was harmless. See § 29-2308, R.R.S. 1943.

To the same extent in the instant case, Lee did not share any information with the prosecution because he chose to ignore the order; he was not prevented from calling witnesses, though he voluntarily elected not to present any evidence. The error, if any, was therefore clearly without prejudice and must be disregarded. The judgment of the district court is affirmed.

AFFIRMED.